In the Matter of Disciplinary Proceedings Against
Carlos Gamino, Attorney at Law:

Office of Lawyer Regulation,
Complainant,

v.

Carlos Gamino,
Respondent.

Supreme Court

No. 2004AP2975–D. Decided April 28, 2006.

2006 WI 32

(Also reported in 712 N.W.2d 873.)

1

¶ 1. PER CURIAM. We review the recommendation of the referee that Attorney Carlos Gamino be reprimanded for professional misconduct. That misconduct consists of failure to act with reasonable diligence, failure to immediately refund unearned fees, contacting a client after receiving notice successor counsel had been retained, and a trust account violation. In addition to a public reprimand, the referee recommended that Attorney Gamino pay the costs of this proceeding. As of November 3, 2005, the Office of Lawyer Regulation (OLR) reported costs of $7773.38.

¶ 2. No appeal has been filed. We adopt the referee's findings of fact and conclusions of law and agree that a public reprimand is appropriate discipline for Attorney Gamino's misconduct in this matter. We further conclude that Attorney Gamino should pay the costs of this disciplinary proceeding.

¶ 3. Attorney Gamino was admitted to the practice of law in Wisconsin 1997. He has been previously disciplined.[1]

---

[1] *See In re Disciplinary Proceedings Against Gamino,* 2005 WI 168, 286 Wis. 2d 558, 707 N.W.2d 132.

¶ 4. The OLR filed an amended complaint against Attorney Gamino alleging 16 counts of misconduct with respect to matters he handled for four former clients. Kathleen Callan Brady was appointed referee and on June 23, 2005, she conducted an evidentiary hearing. The referee issued her report on October 14, 2005. The referee determined that the OLR had proven misconduct in six of the 16 counts charged. The OLR voluntarily dismissed one of the counts and the referee found that the OLR failed to prove by clear, convincing, and satisfactory evidence misconduct charged in nine counts. No appeal has been filed.

¶ 5. The referee found that on August 14, 2002, client D.J. retained Attorney Gamino to represent him in a lawsuit to recover property damage due to an automobile accident. D.J. paid Attorney Gamino $1200 in seven installments. Attorney Gamino failed to file an answer on D.J.'s behalf and subsequently, opposing counsel moved for default judgment. The court granted the motion and judgment was entered on October 1, 2002.

¶ 6. On November 6, 2002, D.J. represented himself at a Department of Transportation (DOT) hearing and was successful in establishing that he was not at fault in the accident. The hearing examiner terminated D.J.'s license suspension concluding "no reasonable possibility exists of a judgment being rendered against [D.J.] for damage to property."

¶ 7. The referee found that on December 11, 2002, Attorney Gamino's secretary signed his name to a form letter requesting the next payment in accordance with the retainer agreement, which client D.J. subsequently paid. Thereafter, D.J. and the DOT were informed of the default judgment and D.J.'s license and registration were suspended. D.J. retained successor counsel, who remedied the problems. After Attorney

Gamino was notified regarding the successor counsel, he contacted D.J. to apologize for his conduct. Following the OLR's demand, Attorney Gamino refunded the entire fee paid to D.J. Attorney Gamino subsequently paid $5000 in settlement of all claims arising from his misconduct in this matter.

¶ 8. The referee determined that Attorney Gamino's failure to appear to defend a civil lawsuit against D.J. and failing to take steps to seek relief supported two counts alleging failure to act with reasonable diligence contrary to SCR 20:1.3.[2] Also, his failure to refund immediately the unearned fee after D.J. retained successor counsel violated SCR 20:1.16(d).[3] In addition, Attorney Gamino admitted he had contacted D.J. after receiving notice that successor counsel had been retained, violating SCR 20:4.2.[4] The referee determined that sending a form letter was negligent but did not support purposeful misrepresentation to a client as alleged in the OLR's complaint.

[2] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[3] SCR 20:1.16(d) provides: Declining or terminating representation.

> (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCR 20:4.2 provides that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."

¶ 9. The second client matter involved Attorney Gamino's representation of B.E. in a divorce action. B.E. executed a retainer agreement and paid a $1500 retainer fee and a $191 filing fee. Attorney Gamino placed the $191 filing fee in his general account instead of a separate trust account. Attorney Gamino filed a summons and complaint in May 2002. In December 2002 default judgment was granted. B.E. requested a copy of the final judgment several times, but Attorney Gamino did not provide one. Attorney Gamino eventually filed the final findings of fact, conclusions of law and judgment with the court in 2003.

¶ 10. Attorney Gamino admitted that he failed to act with reasonable diligence in filing the documents constituting a violation of SCR 20:1.3. He also admitted that he placed the $191 filing fee in his business account, constituting a trust account violation contrary to SCR 20:1.15.[5]

¶ 11. The third client matter involved Attorney Gamino's representation of H.S. and his wife, R.S., in connection with H.S.'s arrest in an alleged battery to a police officer. The clients paid Attorney Gamino $500 to represent H.S. at a charging conference, but they did not sign a written agreement regarding representation. The clients also discussed a potential civil action against the police department.

---

[5] SCR 20:1.15 provides in relevant part:

(b) Segregation of trust property.

(1) Separate account. A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

6

¶ 12. At the charging conference, Attorney Gamino was advised that no charges would be filed against H.S. Attorney Gamino advised R.S. that no charges would be filed and spoke with her several times. Attorney Gamino testified in the disciplinary proceedings that he also requested a $2000 retainer fee to represent them if they chose to commence a civil action. R.S. testified, however, that Attorney Gamino had informed her that he believed felony charges would likely be filed, and that he would get everything dropped if the clients paid him $2000. No retainer was received, and R.S. demanded the $500 fee be returned, but it was not refunded.

¶ 13. The referee determined that there were a number of factual disputes and conflicting testimony with respect to this matter. The referee concluded that H.S. and R.S.'s testimony was inconsistent, making it unreliable and therefore, did not support the OLR allegations. The referee further believed Attorney Gamino's testimony that he discussed a civil suit and the $2000 retainer was discussed in this respect. Therefore, the referee determined the OLR failed to prove by clear, convincing, and satisfactory evidence the alleged misconduct with respect to this representation.

¶ 14. The fourth client matter involved representing J.J. on a possession with intent to deliver a controlled substance charge. J.J.'s wife, J.G., contacted Attorney Gamino who informed her that he required a nonrefundable retainer fee of $5000. J.G. paid $2500 when she signed the fee agreement and paid the balance at a later date. Attorney Gamino met with J.J. several times and made court appearances between March 1 and April 10, 2003. Thereafter, J.J. discharged Attorney Gamino as his attorney and Attorney Gamino subsequently returned

J.J.'s file to him. J.G. requested the unused portion of the retainer be returned but no portion of the fee was returned.

¶ 15. The referee noted that neither J.J. nor J.G. testified at the disciplinary hearing. It was undisputed that Attorney Gamino had given J.J. his file as requested. The referee found no rule violation.

¶ 16. The parties stipulated that there had been a previous disciplinary proceeding involving Attorney Gamino, which was on appeal at the time of the disciplinary hearing in this case, as well as another matter before this court. The referee stated that there was no record or evidence of prior discipline introduced at the disciplinary hearing over which she was presiding. Therefore, she did not consider previous discipline in making her recommendation for sanctions against Attorney Gamino.

¶ 17. In support of her recommendation for public reprimand for the violation of these six counts, the referee stated there was no evidence of actual damage to the parties. She observed that a primary consideration of the disciplinary proceeding was whether there would be a likelihood of the attorney engaging in unprofessional conduct in the future. In addition, the referee noted an important consideration is deterrence. The referee concluded that Attorney Gamino's actions warranted a public reprimand to deter unprofessional conduct.

¶ 18. A referee's findings of fact on a disciplinary matter will not be set aside unless clearly erroneous. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. Conclusions of law are reviewed de novo. *Id.* Although this court considers the referee's recommendation as to appropriate discipline, we do not accord it any conclu-

sive or great weight. It is this court's responsibility to determine appropriate discipline and in making that determination, this court may impose discipline more or less severe than recommended. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 19. We adopt the findings of fact and conclusions of law as set forth in the referee's report. We further agree that the seriousness of Attorney Gamino's misconduct as established in this proceeding warrants a public reprimand.

¶ 20. The referee further recommended that Attorney Gamino be required to pay all costs of the disciplinary proceeding. Attorney Gamino has not objected to or appealed the referee's report and recommendation. Under SCR 22.24(1), this court has discretion to assess all or a portion of the costs of the disciplinary proceeding in which misconduct has been found against the respondent. *See In re Disciplinary Proceedings Against Konnor,* 2005 WI 37, ¶ 32, 279 Wis. 2d 284, 694 N.W.2d 376. There is no claim in the instant case that the costs requested by the OLR are excessive or unreasonable. *See id.* Accordingly, we order Attorney Gamino to pay the costs of this proceeding, as recommended by the referee.

¶ 21. IT IS ORDERED that Attorney Carlos Gamino be publicly reprimanded for his professional misconduct.

¶ 22. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Gamino shall pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if the costs are not paid within the time specified, and absent a showing to this court of

his inability to pay the costs within that time, the license of Attorney Carlos Gamino to practice law in Wisconsin shall be suspended until further order of this court.

¶ 23. LOUIS B. BUTLER, JR., J. (*concurring in part, dissenting in part*). I join the court's decision and order as to the discipline imposed in this action. I write separately because I disagree with the court that full costs should be imposed in this case. For the reasons stated in my concurring in part, dissenting in part opinions in *In re Disciplinary Proceedings Against Polich*, 2005 WI 36, 279 Wis. 2d 266, 694 N.W.2d 367 and *In re Disciplinary Proceedings Against Backes*, 2005 WI 59, 281 Wis. 2d 1, 697 N.W.2d 49, because Attorney Gamino was absolved of any misconduct in the matters involving H.S. and R.S., *see* per curiam op., ¶ 13, and J.J., *see* per curiam op., ¶ 15, I would not assess any costs associated with the counts involving those matters. Until our new rule goes into effect,[1] I would not assess costs against an attorney in unrelated, unsuccessful counts where no misconduct has been found concerning a particular client. Such an assessment is simply not supported by the purposes underlying the factors we currently consider in determining the appropriate level of discipline where the misconduct is rooted in unrelated matters.

¶ 24. I therefore respectfully dissent from that portion of the court's opinion that assesses full costs against Attorney Gamino. I concur with the remainder of the decision.

---

[1] I recognize that this court recently adopted an amendment to the rules that establishes the criteria to be applied in situations such as this when assessing costs. That amendment has not yet taken effect.

¶ 25. I am authorized to state that Justice PATIENCE DRAKE ROGGENSACK joins this concurring in part, dissenting in part opinion.