IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Carlos GAMINO, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

Carlos GAMINO, Respondent-Appellant.

Supreme Court

*No. 2003AP2422–D. Decided September 5, 2007.*

2007 WI 115

(Also reported in 737 N.W.2d 662.)

1

¶ 1. PER CURIAM. We review a referee's report recommending that Carlos Gamino's license to practice law in Wisconsin be reinstated. We adopt the referee's findings of fact and conclusions of law and conclude that Attorney Gamino's license to practice law should be reinstated. We further direct Attorney Gamino to pay the costs of the reinstatement proceeding, which are $4429.13, as of March 14, 2007.

¶ 2. Attorney Gamino was licensed to practice law in Wisconsin in 1997. His license was suspended for a period of six months commencing January 24, 2006, for misconduct committed in two client matters. *See In re Disciplinary Proceedings Against Gamino,* 2005 WI 168, 286 Wis. 2d 558, 707 N.W.2d 132. In one matter, Attorney Gamino was found to have engaged in a sexual relation-

ship with a client in violation of SCR 20:1.8(k)(2). In the other matter, Attorney Gamino was found to have violated SCR 20:1.7(b) for engaging in sexual relations with a client's mother. He was also found to have violated SCR 20:3.3(a)(1), SCR 20:8.4(f), and SCR 22.03(6) for making certain misrepresentations about his conduct to a court and to the Office of Lawyer Regulation (OLR). Subsequently, Attorney Gamino was publicly reprimanded for misconduct consisting of failure to act with reasonable diligence, failure to immediately refund unearned fees, contacting a client after receiving notice successor counsel had been retained, and a trust account violation. *See In re Disciplinary Proceedings Against Gamino*, 2006 WI 32, 290 Wis. 2d 1, 712 N.W.2d 873.

¶ 3.   On May 19, 2006, Attorney Gamino filed a petition for reinstatement of his license to practice law. Curry First was appointed referee. A hearing was held before the referee on November 17, 2006. Following submission of post-hearing briefs, on February 26, 2007, the referee filed a report and recommendation recommending that Attorney Gamino's reinstatement petition be granted.

¶ 4.   The referee found that clear, satisfactory and convincing evidence supported Attorney Gamino's petition for reinstatement, and he recommended that Attorney Gamino's license to practice law be reinstated. The referee also recommended that Attorney Gamino be required to pay the costs of the reinstatement proceeding.

¶ 5.   The standard to be met for reinstatement of a law license is provided in SCR 22.31(1). The petitioner has the burden of demonstrating "by clear, satisfactory and convincing evidence" that the lawyer has the moral character to practice law, that the lawyer's resumption of the practice of law will not be detrimental to the

administration of justice or subversive of the public interest, and that the lawyer has complied with SCR 22.26 and the terms of the suspension. In addition, SCR 22.29(4) sets forth related requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶ 6. This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Carroll*, 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718.

¶ 7. The referee found that Attorney Gamino has not practiced law during his period of suspension. He spent his time during suspension caring for his two young children and managing his rental properties. The referee found further that Attorney Gamino has complied fully with the terms of the order of suspension, and that he has maintained competence and learning in the law, as evidenced by a memorandum from the Board of Bar Examiners.

¶ 8. Attorney Gamino's wife, Attorney Tedia Gamino, and his father-in-law, William Smoler, testified in support of Attorney Gamino's petition for reinstatement. The referee stated that this testimony "established positively Gamino's post-suspension moral character and exemplary conduct."

¶ 9. The referee noted that the OLR expressed concern regarding evidence suggesting that Attorney Gamino may have failed to disclose certain known liabilities on loan applications he made to refinance property. However, the referee noted that the dates of the relevant loan applications preceded Attorney Gamino's suspension and, after further discussion of the evidence pre-

4

sented, stated that the OLR "failed in convincing this referee" that the evidence should adversely affect the petition for reinstatement.

¶ 10. The referee noted further that Attorney Gamino has made arrangements to pay the costs of his suspension proceeding, and is currently making monthly payments toward those costs. Ultimately, the referee found that Attorney Gamino "has substantiated each element of the Petition for Reinstatement."

¶ 11. After careful review of the record we agree with the referee that Attorney Gamino has established by clear, satisfactory and convincing evidence that he has satisfied all of the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law and we accept the referee's recommendation to reinstate Attorney Gamino's license to practice law in Wisconsin. We further direct Attorney Gamino to pay the costs of the reinstatement proceeding.

¶ 12. IT IS ORDERED that the petition for reinstatement of the license of Attorney Carlos Gamino to practice law in Wisconsin is granted, effective the date of this order.

¶ 13. IT IS FURTHER ORDERED that Attorney Gamino pay the costs of the reinstatement proceeding. If Attorney Gamino fails to pay the costs of this proceeding as required by this order, and absent a showing to this court of his inability to pay, the license of Attorney Carlos Gamino to practice law in Wisconsin shall be suspended until further order of the court.

¶ 14. ANNETTE KINGSLAND ZIEGLER, J., did not participate.