In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Carlos A. GAMIÑO, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

Carlos A. GAMIÑO, Respondent-Appellant.

Supreme Court

*No. 2006AP2430–D.—Decided June 15, 2011.*

2011 WI 42

(Also reported in 801 N.W.2d 299.)

¶ 1. PER CURIAM. We review the recommendation of the referee, Timothy L. Vocke, that Attorney Carlos A. Gamiño's petition seeking the reinstatement of his license to practice law in Wisconsin be granted. No appeal has been filed so we review this matter pursuant to SCR 22.17(2).[1] After consideration of the referee's report and the entire record, we agree that Attorney Gamiño's petition for reinstatement should be granted, but we impose conditions on his reinstatement as set forth herein. We direct that the costs of the reinstatement proceeding, which total $7,827.83 as of December 13, 2010, be paid by Attorney Gamiño.

¶ 2. Attorney Gamiño was licensed to practice law in Wisconsin in 1997. His law license was suspended for six months effective January 24, 2006, because he was found to have engaged in a sexual relationship with a client in one matter and a sexual relationship with a juvenile client's mother in another matter. *See In re Disciplinary Proceedings Against Gamiño*, 2005 WI 168,

---

[1] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

286 Wis. 2d 558, 707 N.W.2d 132. He also made false representations about his conduct to a court and to the Office of Lawyer Regulation (OLR) investigators in that matter. Attorney Gamiño was publicly reprimanded on April 28, 2006, for failure to act with reasonable diligence, failure to immediately refund unearned fees, contacting a client after receiving notice that successor counsel had been retained in one matter, and for a trust account violation. *See In re Disciplinary Proceedings Against Gamiño,* 2006 WI 32, 290 Wis. 2d 1, 712 N.W.2d 873. Attorney Gamiño's petition for reinstatement was granted by this court on September 5, 2007. *See In re Disciplinary Proceedings Against Gamiño,* 2007 WI 115, 305 Wis. 2d 1, 737 N.W.2d 662. In 2008 Attorney Gamiño was suspended for 18 months for five counts of misconduct relating to his handling of a family law matter in which he failed to obtain information essential to ensure an equitable division of property in a divorce proceeding. *See In re Disciplinary Proceedings Against Gamiño,* 2008 WI 107, 314 Wis. 2d 514, 753 N.W.2d 521. This misconduct was committed in 2004 and 2005.

¶ 3. On April 15, 2010, Attorney Gamiño filed a petition seeking reinstatement of his license to practice law. The OLR opposed the petition. Public hearings on the reinstatement petition were held on September 20, November 2, and November 9, 2010. On November 23, 2010, the referee filed a report recommending the court grant the petition for reinstatement.

¶ 4. Supreme court rule 22.31(1) provides the standards to be met for reinstatement.[2] Specifically, the

---

[2] SCR 22.31(1) provides as follows:

The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

petitioner must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that he or she has complied with SCR 22.26 and the terms of the order of suspension. In addition to these requirements, SCRs 22.29(4)(a) through (4m)[3] provide additional requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to [(4m)] and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[3] SCRs 22.29(4)(a) through (4m) state:

The petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

■
¶ 5. When we review a referee's report and recommendation, we will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg*, 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶ 6. The OLR did not dispute that Attorney Gamiño had met several of the criteria needed for reinstatement. Attorney Gamiño desires to have his license reinstated, *see* SCR 22.29(4)(a); Attorney Gamiño has not practiced law during the period of suspension, *see* SCR 22.29(4)(b); Attorney Gamiño has complied fully with the terms of the order of suspension and will continue to comply with them until his license is reinstated, *see* SCR 22.29(4)(c);[4] Attorney Gamiño has main-

---

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

[4] There was some question as to whether Attorney Gamiño had satisfied the requirement of obtaining adequate continuing legal education credits as directed by the court in its decision suspending Attorney Gamiño's license to practice law in 2008 but the referee concluded he has obtained sufficient credits.

tained competence and learning in the law by attendance at identified educational activities, *see* SCR 22.29(4)(d); Attorney Gamiño has stated his proposed use of his license if reinstated, *see* SCR 22.29(4)(j); and Attorney Gamiño provided a full description of all of his business activities during the period of suspension, *see* SCR 22.29(4)(k).

¶ 7. During his suspension, Attorney Gamiño worked at Gentile Automotive Group in Racine as a finance director. He also continued to manage Gamiño Enterprises, a real estate rental business owned by the Gamiño family. During his day off he is the primary caregiver to his four young children. There appeared to be no dispute that Attorney Gamiño established compliance with the requirements set forth in SCR 22.26. *See* SCR 22.29(4)(h).

¶ 8. The OLR opposed Attorney Gamiño's petition on the grounds that he had failed to meet several of the criteria for reinstatement. Attorney Gamiño's license was suspended for professional misconduct based on the manner in which he jointly represented a married couple in a divorce proceeding that resulted in a divorce agreement that was patently unfair to the wife, N.B. Subsequently, N.B. filed for bankruptcy and eventually obtained a judgment against Attorney Gamiño for some $13,000.

¶ 9. The OLR opposed Attorney Gamiño's reinstatement based on its concerns regarding: (1) whether Attorney Gamiño obtained the appropriate CLE-EPR credits required by the court and as a condition to reinstatement; (2) whether Attorney Gamiño had misrepresented his financial status in regard to payment of the bankruptcy estate claim; and (3) the OLR's opinion that Attorney Gamiño had not shown any remorse as to

284

N.B. These factors are all relevant to whether Attorney Gamiño satisfied SCR 22.29(4)(e) (requiring Attorney Gamiño to establish that his conduct since the suspension or revocation has been exemplary and above reproach), SCR 22.29(4)(f) (requiring Attorney Gamiño to establish that he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards), SCR 22.29(4)(g) (requiring Attorney Gamiño to establish that he can safely be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the court), and SCR 22.29(4m) (requiring that Attorney Gamiño has made restitution to or settled all claims of persons injured or harmed by his misconduct, including reimbursement to the Wisconsin Lawyers' Fund for Client Protection for all payments made from that fund, or, if not, Attorney Gamiño's explanation of his failure or inability to do so).

¶ 10. The referee considered testimony and evidence on each of these points. First, with respect to the question of the number of CLE credits the referee acknowledged that Attorney Gamiño had not filed appropriate forms with the Board of Bar Examiners (BBE), but testimony from BBE staff indicated Attorney Gamiño had, as of the date of the evidentiary hearing, completed in excess of the number of credits he was required to take to satisfy this court's conditions set forth in its prior decision and those needed for reinstatement.

¶ 11. With respect to concerns regarding whether Attorney Gamiño accurately disclosed his financial situation, the referee stated that he was persuaded of the

285

accuracy of the Gamiños' financial situation based on the referee's review of budget sheets, income tax returns, and the credible testimony of Attorney Gamiño's wife, also an attorney.

¶ 12. A troubling concern articulated by the OLR pertained to Attorney Gamiño's alleged attitude toward his misconduct in the N.B. matter. Unfortunately, the referee did not make extensive findings relating to this issue, stating:

> I thought that, based upon the testimony, Carlos Gamiño is both remorseful and embarrassed. He brought up something that apparently had not been addressed before at the hearing on the 20th of September, and that was the [family he represented] were not simply clients but apparently acquaintances and probably friends of his parents going back into the 1960s.

¶ 13. A longstanding acquaintance in no way absolves Attorney Gamiño of the need to adhere to professional standards. However, the record reflects that Attorney Gamiño did acknowledge his misconduct with respect to his handling of the N.B. matter and that he felt "immense remorse" regarding the matter. The testimony to which the referee refers reflects that Attorney Gamiño testified that his parents' acquaintance with the victim of his misconduct contributed to his embarrassment regarding the matter. The record also reflects that Attorney Gamiño has entered into a payment plan to pay the judgment due to N.B. Accordingly, based on these findings, including credibility determinations, the referee made the following conclusions of law:

> I conclude, as a matter of law, that [Attorney Gamiño has] met his burden of proof as found in Supreme Court Rule 22.31 as follows:
>
> 1) That he has the moral character to practice law in the State of Wisconsin;

2) That [Attorney Gamiño's] resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest;

3) That his representations in the petition, including the representations required by [SCR 22.29(4)(a)-(4m)] and 22.29(5), when taken into account with the filing of the amendment today in his behalf by his attorney, are substantiated; and

4) That he has complied fully with the terms of the order of suspension or revocation as well as with the requirements of Supreme Court Rule 22.26.

¶ 14. The court has carefully evaluated whether Attorney Gamiño has indeed met the requirements for reinstatement of his license to practice law in Wisconsin. We remain troubled by the very serious misconduct he committed and its impact on some vulnerable clients. Attorney Gamiño has been suspended twice and publicly reprimanded once in the last five years. His misconduct has included misrepresentation, improper sexual relationships with female clients in vulnerable personal situations, failure to act with reasonable diligence, failure to immediately refund unearned fees, contacting a client after receiving notice successor counsel had been retained, and a trust account violation. However, the referee was persuaded that Attorney Gamiño has met the requirements for reinstatement and we defer to a referee's credibility determinations. Therefore, upon careful consideration of the entire record, we agree that Attorney Gamiño has met his burden of proof with respect to the elements necessary to justify reinstatement.

¶ 15. We stress that we expect the exemplary behavior which Attorney Gamiño has exhibited during the period of his suspension to continue once he re-

sumes the practice of law, and we remind him of the concept of progressive discipline that will be applied should he fail to adhere to the standard of conduct we expect of all attorneys licensed to practice in Wisconsin. *See, e.g., In re Disciplinary Proceedings Against Lister*, 2010 WI 108, 329 Wis. 2d 289, 787 N.W.2d 820.

¶ 16. In addition, in view of his disciplinary history, lingering concerns about his attention to detail as evidenced by difficulties establishing compliance with continuing legal education requirements, and in the interests of ensuring protection of the public, we conclude that Attorney Gamiño's reinstatement to the practice of law should be conditioned upon his supervision by a licensed attorney for a period of two years following his reinstatement. The supervising attorney cannot be a member of Attorney Gamiño's family or the family of his wife.

¶ 17. IT IS ORDERED that Carlos A. Gamiño's license to practice law in Wisconsin is reinstated effective the date of this order.

¶ 18. IT IS FURTHER ORDERED that the reinstatement of Attorney Carlos A. Gamiño's license to practice law is subject to the following conditions:

1. For a period of two years from the date he resumes the practice of law, Attorney Gamiño shall engage in the practice of law in Wisconsin under the direct supervision of a licensed attorney who is not a family member and who is acceptable to and approved by the Office of Lawyer Regulation.[5]

2. Within ten days of the date Attorney Gamiño resumes the practice of law, Attorney Gamiño shall

---

[5] This condition on Attorney Gamiño's practice is not intended to preclude him from practicing law with family members.

provide his supervising attorney with copies of all of this court's decisions relating to Attorney Gamiño's license to practice law, including our decision in this case.

3. Attorney Gamiño's supervising attorney shall have all the duties generally held by a supervising attorney under SCR 20:5.1(b).

4. Attorney Gamiño's supervising attorney shall file quarterly reports with the Office of Lawyer Regulation.

5. If Attorney Gamiño changes his place of residence or employment at any time during the two-year period, he shall promptly notify the Office of Lawyer Regulation.

6. If Attorney Gamiño fails to comply with any of the foregoing terms and conditions, his license may be suspended.

¶ 19. IT IS FURTHER ORDERED that within 60 days of the date of this order, Carlos A. Gamiño shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Carlos A. Gamiño to practice law in Wisconsin shall be suspended until further order of the court.

¶ 20. IT IS FURTHER ORDERED that Exhibits 2, 3, 4, and 5 were sealed by the referee because they contain personal financial information and shall remain confidential unless ordered by the court.

¶ 21. IT IS FURTHER ORDERED that that within 60 days of the date of this order, Carlos A. Gamiño shall contact the State Bar of Wisconsin to make arrangements regarding payment of any past due State Bar dues and assessments, if any.