In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Christopher A. MUTSCHLER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Christopher A. MUTSCHLER, Respondent.

Supreme Court

*No. 2010AP1939–D.—Decided July 14, 2011.*

2011 WI 74

(Also reported in 804 N.W.2d 680.)

¶ 1. PER CURIAM. We review the petition of Attorney Christopher A. Mutschler for the consensual revocation of his license to practice law in Wisconsin. *See* SCR 22.19.

¶ 2. Attorney Mutschler was admitted to the practice of law in Wisconsin in 1991. He most recently practiced law in Fond du Lac.

¶ 3. Attorney Mutschler has not previously been the subject of professional discipline. His license to practice law in Wisconsin, however, has been temporarily suspended since March 2010 due to his willful failure to cooperate with the Office of Lawyer Regulation's (OLR) grievance investigations concerning his conduct. *See* SCR 22.03(4). His license remains suspended as of the date of this opinion.

¶ 4. The petition for consensual revocation and the OLR's summary of the misconduct allegations against Attorney Mutschler state that there are 59 separate investigations pending against him. The OLR's summary indicates that for each investigation there appear to be violations of multiple rules. Thus, if a formal complaint were to be filed against Attorney Mutschler, there could apparently be scores or even hundreds of counts of professional misconduct. In addition to the underlying misconduct at issue in these grievance investigations, Attorney Mutschler would also be subject to multiple additional counts related to his failure to cooperate with the OLR's separate grievance investigations.

¶ 5. Nearly all of the grievances against Attorney Mutschler appear to follow a similar pattern. In general, Attorney Mutschler would obtain payment of an advance fee, which was often a flat fee, to represent a client in a traffic, OWI, or criminal case. In OWI and traffic cases, Attorney Mutschler would then often advise the client to enter a no contest plea and promise that he would win

the case on appeal. In some cases, Attorney Mutschler would never notify the client of the scheduled hearing on the pending charge or citation, leading to the client failing to appear. In some cases, Attorney Mutschler himself would fail to appear at the scheduled hearing. The failure to appear by the client or Attorney Mutschler would often lead the judge presiding over the citation or charge to enter a default judgment against the client. In other cases, the client would, in fact, enter a guilty or no contest plea, but Attorney Mutschler would then either fail to file an appeal or would fail to prosecute the appeal properly, which would lead to the dismissal of the appeal.

¶ 6.   In a large majority of the cases, the grievance alleges that Attorney Mutschler failed to communicate adequately with his client. In some cases, the clients made dozens of telephone calls (up to 100 calls in some instances), but Attorney Mutschler never returned them. In many cases, Attorney Mutschler simply stopped communicating at all with the clients, requiring them either to hire new counsel or to proceed on their own without counsel.

¶ 7.   Some examples of the numbers of possible violations may provide some context for the scope of Attorney Mutschler's professional misconduct. In 57 of the 59 investigations, the OLR alleges a possible violation of SCR 20:1.3,[1] which requires a lawyer to act with reasonable diligence and promptness. In 53 of the investigations, there are possible failures to communicate properly with clients, in violation of SCR 20:1.4.[2] In 54 of the grievance investigations, there is an alle-

---

[1] SCR 20:1.3 states "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4 provides as follows:

(a) A lawyer shall:

243

gation that Attorney Mutschler failed to hold unearned fees and advance payments received from clients in trust until earned, in violation of SCR 20:1.15(b)(4).[3] In 52 of the investigations, there is an allegation that Attorney Mutschler failed to take reasonable steps to

(1) Promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in SCR 20:1.0(f), is required by these rules;

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests by the client for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

The OLR's misconduct summary indicates that in some instances Attorney Mutschler's misconduct may have been covered by the prior version of this rule, which was in effect prior to July 1, 2007, and provided as follows:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[3] SCR 20:1.15(b)(4) states:

Unearned fees and cost advances. Except as provided in par. (4m), unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to sub. (g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

protect his clients' interests upon the termination of the representation, including returning unearned advance payments, in violation of SCR 20:1.16(d).[4] Finally, the OLR indicates that in 26 of the investigations there may be a possible violation of SCR 20:8.4(c),[5] which prohibits attorneys from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

The OLR's misconduct summary indicates that in some instances Attorney Mutschler's misconduct may have been covered by the prior version of this rule, which was in effect prior to July 1, 2007, and provided as follows:

> Unearned fees and cost advances. Unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to SCR 20:1.15(g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[4] SCR 20:1.16(d) provides:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

The OLR's misconduct summary indicates that in some instances Attorney Mutschler's misconduct may have been covered by the prior version of this rule, which was in effect prior to July 1, 2007, and provided as follows:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 20:8.4(c) states it is professional misconduct for a lawyer to " engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

¶ 8.   In addition to misconduct related to representations of clients, the OLR's summary of misconduct also indicates that Attorney Mutschler engaged in criminal conduct. In 2008, pursuant to a plea agreement, Attorney Mutschler pled no contest to a charge of uttering a forgery, a felony, and to a charge of possession of an illegally obtained prescription medication, a misdemeanor. The forgery count was subject to a deferred prosecution agreement and was later dismissed on the prosecutor's motion. According to the OLR's summary of misconduct, these charges stemmed from Attorney Mutschler being caught in the act of forging prescription forms and using such forms to obtain pain medication on March 26, 2007. The police later discovered that Attorney Mutschler had also successfully used a forged prescription form to obtain pain medication on March 5, 2007.

¶ 9.   Attorney Mutschler's petition for consensual revocation acknowledges that he cannot successfully defend himself against the professional misconduct allegations described in the OLR's misconduct summary. In addition, in the petition Attorney Mutschler avows that his filing of the petition is being done freely, voluntarily, and knowingly. He acknowledges that he has the right to contest the charges against him and the right to retain counsel to advise and assist him in these matters, and states that he is giving up these rights. Attorney Mutschler further acknowledges that if the court grants his petition and revokes his license, he will be subject to the provisions of SCRs 22.26–22.33.

¶ 10.   We must also address the issue of restitution in connection with Attorney Mutschler's petition for revocation. In the petition Attorney Mutschler states that he cannot successfully defend against the restitution orders sought by the OLR. The OLR's misconduct

summary included a statement for each investigation as to whether restitution was sought. Those restitution statements were summarized in a chart attached to the OLR's recommendation in support of the petition for revocation by consent. The restitution chart showed that the OLR requested restitution awards in 45 of the 59 investigations it was conducting. Thus, Attorney Mutschler's statement in his petition indicates that he did not and does not contest a restitution award to some person or entity in those matters. In a number of cases, however, there remained some uncertainty over to whom a restitution award was owed because there was still a claim for reimbursement pending before the Wisconsin Lawyers' Fund for Client Protection (the Fund). Thus, it was not clear whether the restitution award should be granted in favor of the client or the Fund. The Fund has subsequently decided a number of those claims, clarifying the proper recipient of any restitution to be paid by Attorney Mutschler. The OLR has submitted updated restitution recommendations based on the decisions made by the Fund. Attorney Mutschler has not disputed those updated restitution recommendations, and we award restitution accordingly.

¶ 11. In one matter, client G.V. and his mother T.S. asked this court to award restitution to them in the amount of the $13,500 that they had paid to Attorney Mutschler, although the OLR had not requested a restitution award in their matter. They asserted that they had demonstrated to the OLR that Attorney Mutschler had engaged in dishonesty and other ethical violations. This court ordered the OLR to file a response to their restitution request.

¶ 12. The OLR's response stated its policy is to seek restitution when (1) the rights of the grievant or the respondent attorney in a collateral proceeding will

not likely be prejudiced, (2) the funds to be restored do not constitute incidental or consequential damages, (3) the funds to be restored were in the respondent lawyer's direct control, and (4) the amount of any restitution award can be reasonably ascertained.

¶ 13. The OLR explained that it did not seek restitution for G.V. and T.S. because Attorney Mutschler had performed a substantial amount of work in that matter. Pursuant to a representation agreement, G.V. and T.S. paid Attorney Mutschler a $13,500 flat fee to represent G.V. in a criminal proceeding at the trial level. Attorney Mutschler performed a substantial amount of work in moving the circuit court to allow G.V. to withdraw his guilty plea, although the motion was unsuccessful. Moreover, although the agreement obligated Attorney Mutschler to perform services only in the trial court, he also agreed to handle G.V.'s appeal at no additional charge. Further, Attorney Mutschler did file a subsequent motion for additional sentence credit, which the circuit court granted, resulting in a benefit to G.V. Thus, unlike many of the matters being investigated, Attorney Mutschler did perform a substantial amount of work on behalf of G.V., which meant that the amount of any restitution award was unclear and could not be easily and reasonably ascertained.

¶ 14. T.S. and G.V. filed a reply to the OLR's response along with a number of supporting documents. They claimed that Attorney Mutschler had not really done that much work for G.V. and that other members of his firm had made appearances instead of Attorney Mutschler. They asserted, among other things, that Attorney Mutschler failed to respond to their telephone calls and letters, that much of the work done by Attorney Mutschler and his firm was not satisfactory, and that Attorney Mutschler had been dishonest with them. They

also disagreed that Attorney Mutschler had been responsible for obtaining sentence credit for G.V. They did note that they had filed a claim with the Fund, but their claim materials had been returned with an explanation from a Fund representative that their claim did not meet the Fund's criteria for restitution.

¶ 15. With respect to our disposition of the petition, it is clear under the facts of this matter that the petition for consensual revocation should be granted. The descriptions of the 59 pending investigations show a disturbing pattern of Attorney Mutschler taking an individual's money and then doing little or no legal work to earn that money. Attorney Mutschler has demonstrated that he does not appreciate the obligations that apply to an individual who has been granted the privilege to practice law in this state.

¶ 16. With respect to restitution, we impose the restitution requested in the OLR's updated restitution request. The amounts of restitution in the various client matters and the person or entity to whom restitution is owed are set forth in Appendix A to this opinion, based on the OLR's updated restitution request. *See* SCR 22.29(4m) (a lawyer petitioning for reinstatement must prove that he or she has made restitution to or settled all claims of persons harmed by the lawyer's misconduct, or must explain his/her failure or inability to do so).

¶ 17. With respect to the restitution request of G.V. and T.S., we conclude that restitution is not appropriate regarding Attorney Mutschler's representation of G.V. Although G.V. and T.S. may object to the quality of the work, it is clear that Attorney Mutschler and his firm did perform a substantial amount of work on G.V.'s behalf. Whether that work was appropriate and fulfilled Attorney Mutschler's contractual obligation to G.V. and

T.S. would require an extensive evidentiary hearing or trial and extensive fact-finding, which is not consistent with the focus of disciplinary proceedings on whether an attorney violated the rules of professional conduct and should receive some form of discipline. There are other venues for resolving such monetary issues.

¶ 18. IT IS ORDERED that the petition for consensual license revocation is granted.

¶ 19. IT IS FURTHER ORDERED that the license of Christopher A. Mutschler to practice law in Wisconsin is revoked, effective as of the date of this order.

¶ 20. IT IS FURTHER ORDERED that within 180 days of the date of this order Christopher A. Mutschler shall pay restitution in the amounts and to the individuals or entities set forth in Appendix A to this opinion.

¶ 21. IT IS FURTHER ORDERED that Christopher A. Mutschler shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

## Appendix A

| Individual or Entity to Whom Owed | Amount |
| --- | --- |
| Wisconsin Lawyers' Fund for Client Protection (the Fund) (Grievance re: Client Gary W.) | $ 14,000 |
| Client Patricia C. | $ 2,250 |
| Client Kurt D. | $ 4,500 |
| Client Marcie S. | $ 2,500 |
| Client Shauna S. | $ 4,000 |
| Client Scott R. | $ 5,000 |
| The Fund (Grievance re: Client Joshua V.) | $ 2,500 |

| The Fund (Grievance re: Client Clinton M.) | $ 10,000 |
| Client Jason J. | $ 4,500 |
| The Fund (Grievance re: Client Maureen D.) | $ 5,000 |
| The Fund (Grievance re: Client Joseph L.) | $ 700 |
| Client Jamie H. | $ 4,500 |
| Client Ricky B. | $ 4,500 |
| The Fund (Grievance re: Client Steve D.) | $ 4,250 |
| The Fund (Grievance re: Client Allen B.) | $ 4,500 |
| Client James R. | $ 6,000 |
| Client Sherry L. (or to the Fund if claim paid) | $ 8,500 |
| The Fund (Grievance re: Sheila F.) | $ 5,500 |
| Client John S. | $ 4,500 |
| The Fund (Grievance re: Client Severt J.) | $ 4,500 |
| The Fund (Grievance re: Client Jason V.) | $ 5,000 |
| The Fund (Grievance re: Client Jennifer L.) | $ 841 |
| Client Matthew K. (or to the Fund if claim paid) | $ 4,500 |
| Client Dave M. | $ 5,653 |
| The Fund (Grievance re: Client Vipul K.) | $ 14,500 |
| The Fund (Grievance re: Client Glen H.) | $ 5,440 |
| The Fund (Grievance re: Client Tanya W.) | $ 4,250 |
| The Fund (Grievance re: Client John N.) | $ 7,500 |
| The Fund (Grievance re: Client Jason H.) | $ 4,500 |
| The Fund (Grievance re: Client James K.) | $ 7,000 |
| The Fund (Grievance re: Client Linda D.) | $ 4,000 |
| The Fund (Grievance re: Client Melodie D.) | $ 4,439 |
| Client William K. | $ 6,500 |
| The Fund (Grievance re: Client Scott C.) | $ 5,000 |
| Client Ruben M. (or to the Fund if claim paid) | $ 5,000 |
| The Fund (Grievance re: Client Jared C.) | $ 4,250 |
| Client Tony M. (or to the Fund if claim paid) | $ 6,500 |
| Client Eugene K. (or to the Fund if claim paid) | $ 2,000 |
| Client Jason Z. | $ 8,500 |

| | |
|---|---|
| Constance D. (Grievance re: Client Kurt D.) (or to the Fund if claim paid) | $ 15,000 |
| Client Terri G. | $  4,650 |
| The Fund (Grievance re: Client Christopher C.) | $  3,500 |
| The Fund (Grievance re: Client Jason B.) | $  4,500 |
| The Fund (Grievance re: Client Mark S.) | $  7,000 |
| Client Sherill O. | $  5,000 |
| **TOTAL:** | **$246,723** |