# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP41-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Paul G. Belke, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>Paul G. Belke,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BELKE

| | |
|---|---|
| OPINION FILED: | April 24, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2014AP41-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Paul G. Belke, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Paul G. Belke,**

      **Respondent.**

**FILED**

**APR 24, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY   disciplinary   proceeding.   *Attorney's   license suspended.*

¶1   PER CURIAM.   We review, pursuant to Supreme Court Rule (SCR) 22.17(2), the report of the referee, James C. Boll, recommending that the court suspend Attorney Paul G. Belke's license to practice law in Wisconsin for a period of 90 days for 13 counts of misconduct, and also recommending that Attorney Belke be required to continue to participate in a monitoring contract with the Wisconsin Lawyers Assistance Program (WisLAP)

and comply with the contract conditions relating to assessment and treatment.

¶2 Upon careful review of the matter, we adopt the referee's findings of fact and conclusions of law. We conclude, however, that a four-month suspension of Attorney Belke's license is an appropriate sanction for his misconduct. We agree that Attorney Belke should be required to continue to participate in a WisLAP monitoring contract. We also agree with the referee that the full costs of the proceeding, which are $3,316.55 as of February 10, 2015, should be assessed against Attorney Belke.

¶3 Attorney Belke was admitted to practice law in Wisconsin in 1996. His address on file with the State Bar of Wisconsin is Princeton, Wisconsin. He has no prior disciplinary history.

¶4 On January 7, 2014, the Office of Lawyer Regulation (OLR) filed a complaint alleging that Attorney Belke committed 13 counts of misconduct. Attorney Belke filed an answer on February 26, 2014. Referee Boll was appointed on June 3, 2014.

¶5 On September 8, 2014, the parties filed a stipulation whereby Attorney Belke withdrew his answer to the complaint and pled no contest to each of the misconduct allegations contained in the OLR's complaint.[1] The parties agreed to oral argument before the referee only as to the appropriate sanction. The

---

[1] An amended stipulation was filed on January 26, 2015.

oral argument before the referee took place on December 15, 2014. The referee issued his final decision on January 22, 2015.

¶6   The referee noted that the allegations in the OLR's complaint involved Attorney Belke's conviction for seven misdemeanor counts. According to the OLR's complaint, on August 10, 2010, a deputy sheriff responded to a call of an intoxicated person, later identified as Attorney Belke, in the General Mitchell International Airport in Milwaukee. As a result of his conduct, Attorney Belke was arrested and charged with misdemeanor disorderly conduct. He entered a guilty plea and was convicted of misdemeanor disorderly conduct. His sentence included one day in jail and a $500 fine. Attorney Belke failed to notify the OLR of his misdemeanor disorderly conduct conviction.

¶7   On September 13, 2010, law enforcement responded to a domestic disturbance between Attorney Belke and his mother in Princeton, where both apparently lived. As a result of his conduct, Attorney Belke was arrested and charged with misdemeanor counts of criminal damage to property (domestic abuse) and disorderly conduct (domestic abuse). At his initial appearance, Attorney Belke signed a $1,000 signature bond with conditions that he maintain absolute sobriety and not be on any premises licensed to sell alcohol by the drink.

¶8   On the same day that Attorney Belke was released from the Green Lake County jail and had made an initial appearance in the case, law enforcement responded to another domestic

3

disturbance between Attorney Belke and his mother at their home. Breath alcohol tests performed on Attorney Belke showed that he had consumed alcohol in violation of the terms of his bond agreement. As a result, he was arrested and charged with misdemeanor counts of bail jumping and disorderly conduct (domestic abuse). At his initial appearance, he signed a $2,500 signature bond agreement with conditions that he maintain absolute sobriety, not be on any premises licensed to sell alcohol by the drink, and move out of his mother's residence within 14 days.

¶9 On September 25, 2010, City of Madison police stopped Attorney Belke in Madison, and he was charged with misdemeanor charges of operating while intoxicated and operating with a prohibited alcohol content (both second offenses). Pursuant to a no-contest plea entered in January of 2011, Attorney Belke was convicted of misdemeanor operating while intoxicated (second offense). The operating with a prohibited alcohol concentration charge was dismissed on the prosecutor's motion. Attorney Belke's sentence included 30 days in jail with Huber privileges, a driver license revocation for 17 months, and ignition interlock for 17 months. He was also ordered to undergo an alcohol assessment and pay a fine. Attorney Belke failed to notify the OLR of his misdemeanor operating while intoxicated (second offense) conviction.

¶10 On February 14, 2011, Attorney Belke pled no contest to and was convicted of both disorderly conduct (domestic abuse) charges. The remaining charges, criminal damage to property

4

(domestic abuse) and bail jumping, were dismissed but read-in at sentencing. Attorney Belke's combined sentence included seven days in jail and court costs. He was also allowed to move back into his mother's residence. Attorney Belke failed to notify the OLR of his two misdemeanor disorderly conduct (domestic abuse) convictions.

¶11 On June 6, 2012, law enforcement responded to a domestic disturbance between Attorney Belke and his mother at their Princeton residence. As a result of his conduct, Attorney Belke was arrested and charged with one count of misdemeanor disorderly conduct (domestic abuse). At his initial appearance, he pled guilty. A sentencing hearing was scheduled for June 26, 2012. Attorney Belke signed a $1,000 signature bond agreement with conditions that he maintain absolute sobriety, have no contact with his mother and her residence, and appear at all court proceedings.

¶12 Attorney Belke failed to appear at his June 26, 2012 sentencing hearing and a warrant was issued. The following day, he was charged with one count of misdemeanor bail jumping. Law enforcement went to the Princeton residence to execute the warrant on June 28, 2012. Upon arrival, Attorney Belke's mother allowed the police officers into the basement where Attorney Belke was sleeping. Attorney Belke was arrested. Officers detected an odor of intoxicants emanating from him. Breath alcohol tests performed both in the squad car and at the jail demonstrated that Attorney Belke had consumed alcohol in

violation of the terms of his bond agreement in the Green Lake County case.

¶13  On June 29, 2012, Attorney Belke was charged with one count of misdemeanor bail jumping.  At his initial appearance, he confirmed receipt of the criminal complaints in the Green Lake County cases.  On July 2, 2012, he signed a $500 signature bond agreement with conditions that he maintain absolute sobriety, not be on any premises licensed to sell alcohol by the drink, and have no contact with his mother and her residence. He also posted a $500 cash bond with identical conditions in the other misdemeanor bail jumping case.

¶14  On July 3, 2012, a police officer identified Attorney Belke outside of a bar in Princeton.  The officer made contact with Attorney Belke and a breath alcohol test performed on him demonstrated that he had consumed alcohol in violation of the terms of his various bond agreements.  As a result, Attorney Belke was arrested.  He posted a $1,000 cash bond with conditions that he maintain absolute sobriety and not be on any premises licensed to sell alcohol by the drink.  On July 6, 2012, he was charged with three counts of misdemeanor bail jumping.

¶15  On August 14, 2012, pursuant to a plea agreement, Attorney Belke pled no contest to and was convicted of the misdemeanor disorderly conduct (domestic abuse) charge that arose out of the June 6, 2012 domestic disturbance between Attorney Belke and his mother.  He also pled no contest to two misdemeanor bail jumping charges arising out of the July 3, 2012

6

arrest. The remaining bail jumping charges were dismissed but read-in at sentencing. Attorney Belke's sentence included two years of probation with sentence withheld and conditions that he not possess any firearms, maintain absolute sobriety, not be on any premises licensed to sell alcohol by the drink, not possess any alcohol where he resides, undergo and comply with an alcohol and drug assessment, not have any violent contact with his mother, maintain full-time employment, and abide by any other rules or recommendations as imposed by the supervising probation agent. Attorney Belke failed to notify the OLR of his misdemeanor disorderly conduct (domestic abuse) conviction and his two misdemeanor bail jumping convictions.

¶16 On September 23, 2012, a deputy responded to a roll-over vehicle crash in Marquette County. Upon arrival, the deputy located the vehicle and its driver and sole occupant, later identified as Attorney Belke. A witness to the accident smelled intoxicants on Attorney Belke's breath. Emergency medical service personnel reported intoxicants. Attorney Belke was transported to a hospital for treatment, where a chemical test of his blood showed his blood alcohol level to be .283. On October 29, 2012, Attorney Belke was charged with operating while intoxicated (third offense), operating with a prohibited alcohol content (third offense), and ignition interlock device tampering/failure to install. On June 12, 2013, Attorney Belke pled no contest to and was convicted of misdemeanor operating while intoxicated (third offense). The other charges were dismissed on the prosecutor's motion. His sentence included 120

days in jail with Huber privileges, a driver license revocation for 32 months, and ignition interlock for 32 months. He was also ordered to undergo an alcohol assessment and pay a fine.

¶17 The OLR's complaint alleged and, by virtue of the stipulation, Attorney Belke pled no contest to the following counts of misconduct:

> [Count One] By engaging in conduct leading to his August 26, 2010 misdemeanor conviction of disorderly conduct in Milwaukee County . . . that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, [Attorney] Belke violated SCR 20:8.4(b).[2]

> [Count Two] By engaging in conduct leading to his January 3, 2011 misdemeanor conviction of Operating While Intoxicated (2nd) in Dane County . . . that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, [Attorney] Belke violated SCR 20:8.4(b).

> [Count Three] By engaging in conduct leading to his February 14, 2011 misdemeanor conviction of disorderly conduct (domestic abuse) in Green Lake County . . . that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, [Attorney] Belke violated SCR 20:8.4(b).

> [Count Four] By engaging in conduct leading to his February 14, 2011 misdemeanor conviction of disorderly conduct (domestic abuse) in Green Lake County . . . that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, [Attorney] Belke violated SCR 20:8.4(b).

---

[2] SCR 20:8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[Count Five]   Be engaging in conduct leading to his August 14, 1012 misdemeanor conviction of disorderly conduct (domestic abuse) in Green Lake County . . . that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, [Attorney] Belke violated SCR 20:8.4(b).

[Count Six]   In each instance, by engaging in conduct leading to his August 14, 2012 two-count misdemeanor conviction of bail jumping in Green Lake County . . . that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, [Attorney] Belke violated SCR 20:8.4(b).

[Count Seven]   By engaging in conduct leading to his June 12, 2013 misdemeanor conviction of Operating While Intoxicated (3rd) in Marquette County . . . that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, [Attorney] Belke violated SCR 20:8.4(b).

[Count Eight]   By failing to report his misdemeanor conviction of disorderly conduct in Milwaukee County . . . to OLR and the Clerk of the Supreme Court, [Attorney] Belke violated SCR 21.15(5),[3] enforced under SCR 20:8.4(f).[4]

---

[3] SCR 21.15(5) provides:

An attorney found guilty or convicted of any crime on or after July 1, 2002, shall notify in writing the office of lawyer regulation and the clerk of the Supreme Court within 5 days after the finding or conviction, whichever first occurs.  The notice shall include the identity of the attorney, the date of finding or conviction, the offenses, and the jurisdiction.  An attorney's failure to notify the office of lawyer regulation and clerk of the supreme court of being found guilty or his or her conviction is misconduct.

[4] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[Count Nine]    By failing to report his misdemeanor conviction of Operating While Intoxicated (2nd) in Dane County . . . to OLR and the Clerk of the Supreme Court, [Attorney] Belke violated SCR 21.15(5), enforced under SCR 20:8.4(f).

[Count Ten]  By failing to report his misdemeanor conviction of disorderly conduct (domestic abuse) in Green Lake County . . . to OLR and the Clerk of the Supreme Court, [Attorney] Belke violated SCR 21.15(5), enforced under SCR 20:8.4(f).

[Count 11]   By failing to report his misdemeanor conviction of disorderly conduct (domestic abuse) in Green Lake County . . . to OLR and the Clerk of the Supreme Court, [Attorney] Belke violated SCR 21.15(5), enforced under SCR 20:8.4(f).

[Count 12]   By failing to report his misdemeanor conviction of disorderly conduct (domestic abuse) in Green Lake County . . . to OLR and the Clerk of the Supreme Court, [Attorney] Belke violated SCR 21.15(5), enforced under SCR 20:8.4(f).

[Count 13]   By failing to report his two-count misdemeanor conviction of bail jumping in Green Lake County . . . to OLR and the Clerk of the Supreme Court, [Attorney] Belke violated SCR 21.15(5), enforced under SCR 20:8.4(f).

¶18 The OLR sought a four-month suspension.  Attorney Belke argued that a public reprimand was an appropriate level of discipline.  The referee concluded that a 90-day suspension was appropriate.  While the referee said he believed that the facts supported a conclusion that Attorney Belke's conduct demonstrated a significant lapse in judgment and self-discipline and also demonstrated a disregard for public safety, the referee concluded that cases cited by the OLR in which attorneys' licenses were suspended for six months presented more egregious

fact situations, either because they involved felonies or because the attorneys' misconduct involved fraud.

¶19 The referee noted that Attorney Belke's conduct did not involve dishonesty or failure to represent clients. The referee also noted that Attorney Belke has been in compliance with all treatment recommendations of all substance abuse providers, has abstained from all alcohol or other mood-altering substances, and has regularly participated in community-based support groups, such as Alcoholics Anonymous. The referee also pointed to Attorney Belke's lack of any prior disciplinary history. Based on what the referee termed "these mitigating factors," the referee concluded that a 90-day suspension was appropriate. As a condition, the referee recommends that Attorney Belke continue to participate in a monitoring contract with WisLAP and that he comply with the contract conditions relating to assessment and treatment.

¶20 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶21 There is no showing that any of the referee's findings of fact are clearly erroneous. Accordingly, we adopt them. We also agree with the referee's conclusions of law that Attorney Belke violated the supreme court rules set forth above.

11

¶22 With respect to the appropriate level of discipline, upon careful review of the matter, we conclude that the four-month suspension originally sought by the OLR is appropriate. While the referee correctly points out that Attorney Belke has no prior disciplinary history and that his misconduct does not involve dishonesty or a failure to adequately represent his clients, the conduct at issue here is nevertheless troubling. We agree with the referee that Attorney Belke's multiple operating while intoxicated convictions, multiple misdemeanor convictions of disorderly conduct (domestic abuse) involving his mother, and multiple bail jumping convictions demonstrate a very significant lapse in judgment and a very serious disregard for public safety. While no two attorney disciplinary matters are precisely analogous, we find In re Disciplinary Proceedings Against Cahill, 219 Wis. 2d 330, 579 N.W.2d 231 (1998) to be somewhat similar.

¶23 In Cahill, during a 16-month period, the attorney engaged in conduct that led to eight misdemeanor convictions, including operating a motor vehicle while intoxicated, defrauding an innkeeper, disorderly conduct, and issuing a worthless check. The referee in the instant case cited Cahill in his report and commented that Attorney Cahill's misconduct was more serious than Attorney Belke's because Attorney Cahill was convicted of an additional misdemeanor and because her misconduct involved fraud. As in the instant case, none of the offenses of which Attorney Cahill was convicted involved a client or her conduct as a lawyer.

12

¶24 While we agree with the referee that the number of misdemeanor convictions and the nature of the convictions in this case may be somewhat less serious than in Cahill, we nevertheless conclude that the 90-day suspension recommended by the referee would be insufficient to impress upon Attorney Belke the seriousness of his misconduct and deter him and others from committing similar misconduct in the future. The attorney in Cahill received a six-month suspension for conduct that was arguably more egregious than that at issue here. We conclude that a four-month suspension of Attorney Belke's license to practice law is more commensurate with the number and nature of offenses at issue than the 90-day suspension recommended by the referee.

¶25 We agree with the referee that Attorney Belke should be required to continue to participate in a monitoring contract with WisLAP and to comply with all contract conditions relating to assessment and treatment. We further agree with the referee that Attorney Belke should be required to pay the full costs of the proceeding.

¶26 IT IS ORDERED that the license of Paul G. Belke to practice law in Wisconsin is suspended for a period of four months, effective May 24, 2015.

¶27 IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law following the suspension and as a condition of his continued practice of law thereafter, Paul G. Belke shall be required to continue to participate in a monitoring contract with the Wisconsin Lawyers

13

Assistance Program and to fully comply with all contract conditions. Attorney Belke shall continue to participate in the monitoring contract for a period of one year after the reinstatement of his license to practice law following the termination of the suspension.

¶28 IT IS FURTHER ORDERED that within 60 days of the date of this order, Paul G. Belke shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $3,316.55.

¶29 IT IS FURTHER ORDERED that Paul G. Belke shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶30 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).