# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2010AP1939-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Christopher A. Mutschler, Attorney at Law: |
| | |
| | Office of Lawyer Regulation,<br>       Complainant-Respondent,<br>   v.<br>Christopher A. Mutschler,<br>       Respondent-Appellant. |

DISCIPLINARY PROCEEDINGS AGAINST MUTSCHLER

| | |
|---|---|
| OPINION FILED: | September 25, 2019 |
| SUBMITTED ON BRIEFS: | September 17, 2019 |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the respondent-appellant, there were briefs filed by *Christopher A. Mutschler*, Sheboygan.

For the complainant-respondent, there was a brief filed by *Matthew J. Price* and *Foley & Lardner LLP*, Milwaukee.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2010AP1939-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Christopher A. Mutschler, Attorney at Law:**

**Office of Lawyer Regulation,**

    **Complaint-Respondent,**

    **v.**

**Christopher A. Mutschler,**

    **Respondent-Appellant.**

**FILED**

**SEP 25, 2019**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY reinstatement proceeding. *Reinstatement denied.*


¶1 PER CURIAM. The respondent-appellant, Christopher A. Mutschler, appeals Referee Jonathan V. Goodman's report recommending that we deny Attorney Mutschler's petition for reinstatement of his license to practice law in Wisconsin, following his 2011 consensual license revocation. After fully reviewing this matter, we agree that Attorney Mutschler has not satisfied the criteria required to resume the practice of law in this state, and we deny his petition for reinstatement. We also determine that Attorney Mutschler should be required to pay the

costs of this reinstatement proceeding, which are $4,577.90 as of December 18, 2018.

¶2 Attorney Mutschler was admitted to practice law in Wisconsin in 1991. He practiced out of small or solo law offices in Milwaukee, Elkhart Lake, and Fond du Lac, predominantly in the area of criminal traffic defense. At the time, Attorney Mutschler had no prior discipline with the exception of a temporary suspension imposed against him for his willful failure to cooperate with the OLR's investigation concerning the conduct that ultimately led to his consensual license revocation.

¶3 Attorney Mutschler's misconduct was serious. At the time of his revocation, there were 59 grievances pending against him. Nearly all followed a similar pattern. Attorney Mutschler would obtain payment of an advance fee, often a flat fee, to represent a client in a traffic, operating while intoxicated (OWI), or a criminal case. In re Disciplinary Proceedings Against Mutschler, 2011 WI 74, 336 Wis. 2d 241, 804 N.W.2d 680. In OWI and traffic cases, Attorney Mutschler would frequently advise the client to enter a no contest plea and promise that he would win the case on appeal. In some cases, Attorney Mutschler would never notify the client of the scheduled hearing on the pending charge or citation, so the client would fail to appear. In some cases, Attorney Mutschler himself would fail to appear at the scheduled hearing. Consequently, the presiding judge would enter a default judgment against the client. In other cases, the client would enter a guilty or no contest plea, then

2

Attorney Mutschler would either fail to file an appeal or would fail to prosecute the appeal properly, which would lead to the dismissal of the client's appeal. Attorney Mutschler also frequently failed to communicate adequately with his clients. In some cases, his clients made dozens of telephone calls but Attorney Mutschler never returned them. In many cases, Attorney Mutschler simply stopped communicating at all with the clients, requiring them either to hire new counsel or to proceed on their own without counsel.

¶4 In addition, in 2008, pursuant to a plea agreement, Attorney Mutschler pled no contest to a charge of uttering a forgery, a felony, and to a charge of possession of an illegally obtained prescription medication, a misdemeanor. The forgery count was subject to a deferred prosecution agreement and was later dismissed on the prosecutor's motion. These charges stemmed from Attorney Mutschler being caught in the act of forging prescription forms and using such forms to obtain pain medication.

¶5 As noted, Attorney Mutschler eventually filed a petition for consensual license revocation which this court granted on July 14, 2011. We noted that Attorney Mutschler likely committed dozens of violations of SCRs 20:1.3 (lack of diligence), 20:1.4 (failure to communicate), 20:1.15(b)(4) (failure to hold unearned fees in trust), 20:1.16(d) (failure to return unearned advance payments upon termination), and 20:8.4(c) (engaging in dishonesty, fraud, deceit, or misrepresentation). As part of his consensual revocation order,

3

Attorney Mutschler was required to make restitution to individual clients and the Wisconsin Lawyers' Fund for Client Protection (the Fund) totaling $246,723, reflecting monies owed to some 45 clients, and to comply with SCR 22.26. Mutschler, 336 Wis. 2d 241.

¶6 On November 10, 2017, Attorney Mutschler filed this petition for reinstatement. The OLR opposed his petition. The court appointed Referee Goodman. Referee Goodman conducted a one-day hearing on July 12, 2018. Attorney Mutschler testified on his own behalf, and also elicited testimony from a friend, Howard Schumacher. On August 13, 2018, the referee issued a report recommending the court deny Attorney Mutschler's petition. Attorney Mutschler appealed and the parties filed briefs.

¶7 Attorney Mutschler contends that he has satisfied the requirements for reinstatement. Attorney Mutschler also reasons that the only way he will ever satisfy his restitution obligations will be if he is permitted to practice law again. He asks the court to reinstate him so he can make headway against those restitution obligations.

¶8 The standards that apply to petitions for reinstatement after a disciplinary suspension or revocation are set forth in SCR 22.31(1). The petitioning attorney must demonstrate by clear, satisfactory, and convincing evidence that he or she has the moral character necessary to practice law in this state, that his or her resumption of the practice of law will not be detrimental to the administration of justice or

4

subversive of the public interest, and that the attorney has complied fully with the terms of the suspension or revocation order and the requirements of SCR 22.26. In addition, SCR 22.31(1)[1] incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-(k) and (4m).[2] Thus, the petitioning attorney needs to demonstrate that

---

[1] SCR 22.31(1) provides the petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[2] SCR 22.29(4)(a)-(k) and (4m) provides that a petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(continued)

5

the required representations in the reinstatement petition are substantiated.

¶9 On review, we accept a referee's findings of fact unless they are clearly erroneous. We review a referee's legal

---

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

conclusions, including whether the attorney has satisfied the criteria for reinstatement, on a de novo basis. In re Disciplinary Proceedings Against Jennings, 2011 WI 45, ¶39, 334 Wis. 2d 335, 801 N.W.2d 304; In re Disciplinary Proceedings Against Gral, 2010 WI 14, ¶22, 323 Wis. 2d 280, 779 N.W.2d 168.

¶10 The referee concluded, and we agree, that Attorney Mutschler satisfied several of the criteria required for reinstatement. Attorney Mutschler has demonstrated that he desires to have his license reinstated, SCR 22.29(4)(a); that he has not practiced law during the periods of his suspension and revocation, SCR 22.29(4)(b);[3] and that he has maintained competence and learning in the law, SCR 22.29(4)(d).[4] He has

---

[3] The referee found that Attorney Mutschler has not practiced law during his revocation. We accept that finding. Certain questions were raised about an incident when Attorney Mutschler's employer asked him to accompany a property manager to a court hearing to help her with an eviction proceeding. Attorney Mutschler disclosed in that court proceeding that, "he was *not* an attorney and was not engaged in the practice of law and that he was there merely to support the apartment manager." (Emphasis in original.) The OLR questioned whether he should have accompanied the property manager to court, but conceded that other attorneys engaged in similar conduct and were not found to have violated the rules or denied reinstatement on that basis. See In re Disciplinary Proceedings Against Hyndman, 2002 WI 6, ¶¶7-14, 249 Wis. 2d 650, 638 N.W.2d 293; In re Disciplinary Proceedings Against George, 2010 WI 116, ¶¶5-22, 329 Wis. 2d 333, 789 N.W.2d 577.

[4] The referee made no finding on the issue of Attorney Mutschler's learning and competency, but it is not disputed that the Board of Bar Examiners filed a memorandum stating that Attorney Mutschler "is currently in compliance with the court's CLE and EPR requirements for reinstatement." The record reflects Attorney Mutschler's successful completion of numerous continuing legal education classes.

also explained how he would use his license if reinstated, SCR 22.29(4)(j),[5] and he has outlined his activities during his revocation, SCR 22.29(4)(k).

¶11 With respect to the remaining prerequisites to reinstatement, our review is complicated by the fact that the referee did not make specific findings or conclusions with respect to several factors.[6] In the absence of adverse findings, Attorney Mutschler reasons that "as Referee Goodman has found, Mr. Mutschler has satisfied all of the necessary criteria for reinstatement, other than repaying the Fund."

¶12 The referee focused on the most significant challenge facing Attorney Mutschler's reinstatement petition: his undisputed failure to make any restitution to clients aggrieved by his misconduct. Addressing restitution is required in all reinstatement proceedings, see, e.g., SCR 22.29(4)(c) and (4m),

---

[5] The record indicates that Attorney Mutschler has been offered a legal job with a law firm that handles criminal traffic cases and he provided documentary support for the offer.

[6] For example, the referee did not specifically render a conclusion as to whether Attorney Mutschler has the moral character to practice law in Wisconsin; whether his resumption of the practice of law would be detrimental to the administration of justice; whether Attorney Mutschler has proven that his conduct since revocation has been exemplary and above reproach; whether Attorney Mutschler has complied fully with the terms of the order of suspension or revocation and will continue to comply until the petitioner's license is reinstated; or whether Attorney Mutschler has a proper understanding and attitude toward the standards imposed upon Bar members or whether he can safely be recommended as fit to practice law.

and bears on many of the outstanding reinstatement criteria. Supreme Court Rule 22.29(4)(c) and (4m) require that the petitioner has made restitution to or settled all claims of persons injured or harmed by the petitioner's misconduct, including reimbursement to the Fund for all payments made from the Fund, or, if not, the petitioner's explanation for the failure or inability to do so.

¶13 Attorney Mutschler acknowledges that he has not paid restitution. He contends, however, that this should not preclude his reinstatement because he has explained his failure or inability to do so. He attributes his failure to pay restitution to his inability to pay. He cites his "significantly limited income despite efforts to obtain a higher paying position."

¶14 The referee explained his adverse recommendation, as follows:

> Mr. Mutschler has made no attempt to make arrangements to pay $1.00 to his restitution, and for that matter, there has been no evidence that he has made payments on any of his debts. The obvious reason, of course, is that he was unemployed and, therefore, did not have the funds to make any payments.
>
> Secondly, after being employed for a period of one year as a hotel desk clerk, he left that employment to care for his sick grandmother. While it is certainly noble to take care of one's relative who is ill, this writer cannot imagine that Mr. Mutschler would have time to do this if he had not lost his license, and still was in the midst of an active practice defending traffic violators. Yet here, he completely abandoned a steady job, apparently without giving any thought to paying restitution or paying his other debts.

. . .

> It appears he has had odd jobs since he resigned from the hotel, but nothing permanent.

> Mr. Mutschler testified that he had not come up with a plan for paying back his restitution in the event that his license was reinstated.

Referee Rpt. p. 4. The referee concluded, "[t]here is nothing in this record that gives the Referee confidence that Mr. Mutschler would engage in a program to repay his restitution once he became employed if his license was reinstated."

¶15 Essentially, on appeal, Attorney Mutschler says the referee's finding that he has no repayment plan in mind is clearly erroneous. He cites the following exchange from the evidentiary hearing:

> Referee: Okay. Have you developed any kind of a plan for starting to repay this approximately $250,000 debt to either the client compensation fund of the state bar or to individual clients assuming that you were able to begin practicing law again with the Melowski law firm?

> Respondent: Yes, I actually have discussed with [his potential future employer] that I have this outstanding debt that I owe to the state bar client protection fund, and I told him that - or I asked him, I guess, not told him - it was more of a question - as to whether or not, when I get paid, if it would be possible to set something up whereby instead of getting my whole paycheck, a certain amount could just be straightaway sent off to the bar as part of my compensation, or if that was something that was just too complicated to do and that I would have to pay out of my, you know, own account to the bar. So, yeah, I actually did mention that to [his prospective employer].

Referee: And do you have a figure in mind that you would be able to pay per paycheck or per month to start paying this debt off?

Respondent: I guess that depends on what we negotiate the salary to be. I mean, ultimately, you know, if it's a $40,000 salary versus, let's say, I could negotiate a $60,000 salary - it's going to be a vastly different amount. But I - at this time, I really don't have a specific number until I know what I'm getting compensated.

R37 at 104:23 to 106:1; R-App. at 112-114.

¶16 The referee's conclusion that Attorney Mutschler has failed to adequately satisfy his restitution obligation in a manner sufficient to warrant reinstatement rests on implicit and intertwined findings about the credibility of Attorney Mutschler's claim that he made adequate efforts to do so. Typically, we defer to a referee's credibility determinations. See, e.g., In re Disciplinary Proceedings Against Gamiño, 2011 WI 42, 334 Wis. 2d 279, 801 N.W.2d 299. When a court does not make an explicit finding, an implicit finding may suffice, but only if the facts of record support it. State v. Echols, 175 Wis. 2d 653, 672, 499 N.W.2d 631 (1993).

¶17 Attorney Mutschler owes $246,723 in restitution. He has made no restitution payments. He attributes this to his inability to pay. The record indicates that after his revocation, Attorney Mutschler worked for a period of time at minimum wage as a third-shift night clerk at the Candlewood Suites in Brown Deer, Wisconsin. He left this position to care for a family member. He was later employed at La Coppa, LLC, which manufactured and sold sorbet and gelato until the company

11

closed.   While employed at La Coppa, Attorney Mutschler acted as a human resources manager, promulgating an employee handbook, hiring and training cafe workers, ordering food supplies, and organizing participation in festivals across the state.   Since then, Attorney Mutschler has only performed sporadic, small odd jobs, such as yard work, painting, and furniture moving.   He subsists on a small stipend from a family member and resides with his mother.   He has not been regularly employed since 2014. Attorney Mutschler maintains, however, that he has unsuccessfully applied for literally hundreds of jobs.

¶18  In response to the OLR's suggestion that he has been unrealistic in his job search, Attorney Mutschler vigorously defends his efforts to obtain employment.   He points to his friend's uncontested testimony at the hearing that Attorney Mutschler applied for "numerous" jobs and was repeatedly rejected, but it was never for a lack of trying.   Attorney Mutschler asserts, as well, that he did apply on more than one occasion to such minimum-wage employers as McDonald's, WalMart, Kwik Trip, et al., all without success.   He says that, "[f]or the OLR to even imply there was a lack of either willingness or diligence on Mr. Mutschler's part to gain employment is beyond ludicrous and borders on the cruel."   Attorney Mutschler says that "this Court can rest assured that any failure to repay the Fund to this point was not the product of an uncaring, indifferent, or callous attitude on Mr. Mutschler's part."

¶19  We conclude that the facts of record support the referee's determination that, "[t]here is nothing in this record

12

that gives the Referee confidence that Mr. Mutschler would engage in a program to repay his restitution once he became employed if his license was reinstated." We take no position as to whether Attorney Mutschler might have approached his job search differently, or his decision to leave a stable job to care for a family member. What stands out is the undisputed fact that in the nearly seven years between the time his license was revoked and his reinstatement petition, Attorney Mutschler never made any contact with the Fund or his former clients to make any arrangements for repayment of any part of his restitution obligation.

¶20 As the OLR observed, there is a difference between not having enough money to fully pay restitution, and "making absolutely no discernable efforts to directly address one's obligations to the many victims of his misconduct." In the OLR's view, Attorney Mutschler falls into the latter category. The referee reluctantly agreed and we defer to his credibility determination and his resulting conclusion that Attorney Mutschler failed to carry his burden of proof regarding SCR 22.29(4)(4m), requiring a lawyer to demonstrate that he or she has made restitution to or satisfied all claims of persons injured or harmed by his misconduct, and SCR 22.29(4)(c), requiring that he comply with the terms of the suspension and revocation orders. See also SCR 22.31(1)(d) (requiring clear and convincing evidence that he "has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.").

13

¶21 Attorney Mutschler's failure to satisfy this prerequisite regarding restitution precludes his reinstatement. Our decision in this regard is consistent with another matter in which we recently denied reinstatement to a lawyer who was also revoked by consent, largely because he failed to provide an accounting or make restitution to a number of clients and his former law firm as ordered by the court. See In re Disciplinary Proceedings Against Mularski, 2018 WI 99, 384 Wis. 2d 97, 919 N.W.2d 368. Unlike Attorney Mutschler, Attorney Mularski had actually made substantial restitution payments. Id., ¶4.

¶22 As noted, the referee did not make specific findings or conclusions on several of the remaining reinstatement criteria. We opt not to remand this matter to the referee for additional findings and conclusions because further proceedings before the referee would incur additional costs that would be assigned to Attorney Mutschler, yet would not alter our determination that reinstatement is not warranted at this time.

¶23 We would be remiss and our opinion incomplete, however, if we failed to address an important aspect of Attorney Mutschler's personal history that he raises in his petition. When much of the underlying misconduct occurred, Attorney Mutschler was grappling with opiate addiction. Attorney Mutschler reports having been sober since 2008; there is nothing in the record to the contrary. This is highly commendable. The OLR expresses great concern that Attorney Mutschler does not

14

regularly participate in addiction programing or counseling.[7]  In the absence of any record evidence indicating that Attorney Mutschler's recent or present conduct is actively affected by addiction or depression, we are deeply reluctant to suggest Attorney Mutschler's management of these medical issues is somehow an adverse factor in this reinstatement proceeding.

¶24 On a related note, Attorney Mutschler cites case law suggesting he believes that the question of medical incapacity may be relevant here.  We disagree.  Attorney Mutschler was not found to be subject to a medical incapacity in his underlying petition for consensual license revocation.

¶25 This court has repeatedly reaffirmed that a lawyer does not enjoy a presumption of rehabilitation, see In re Disciplinary Proceedings Against Hyndman, 2002 WI 6, ¶4, 249 Wis. 2d 650, 638 N.W.2d 293; and there is no right to reinstatement, see In re Disciplinary Proceedings Against Banks, 2010 WI 105, 329 Wis. 2d 39, 787 N.W.2d 809.  The cases Attorney Mutschler cites, including In re Disciplinary Proceedings Against Belke, 2015 WI 41, 362 Wis. 2d 55, 862 N.W.2d 861, do

---

[7] Attorney Mutschler regularly attended Alcoholics Anonymous (AA) meetings from 2007-2009.  He was advised to attend AA instead of Narcotics Anonymous meetings.  He estimates attending approximately two dozen AA meetings since 2009.  With respect to depression treatment, Attorney Mutschler attended individual counseling in 2007-2008, which he says he terminated due to cost.  He reports not having suffered from severe depression since becoming sober.

not persuade us that he has satisfied the requirements for license reinstatement.

¶26 Finally, with respect to the costs of this reinstatement proceeding, it is our general practice to assess the full costs of the proceeding against the petitioning attorney. See SCR 22.24(1m). Nothing in this case warrants a reduction in the costs, and we impose the full costs of the reinstatement proceeding on Attorney Mutschler.

¶27 IT IS ORDERED that the petition for reinstatement is denied.

¶28 IT IS FURTHER ORDERED that within 60 days of the date of this order, Christopher A. Mutschler shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $4,577.90 as of December 18, 2018.